UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JAMES FUTRELL                                                        **1:22 CV 2401**

                                 Plaintiff,

            -against-                                          **COMPLAINT**

COLLINS  J. OGBOLU AND M DENTAL CARE,                        **JURY TRIAL REQUESTED**
P.C.

                          Defendants.
-----------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff James Futrell (hereafter also referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Collins  J. Ogbolu and M Dental Care, P.C. (together referred to as "Defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1.  Access to healthcare is one of life's necessities. Full and equal access to such care is critical for all persons, including persons with disabilities.

2.  Plaintiff, Mr. Futrell, brings this action because Defendants deny him the ability to access to their place of public accommodation, Lenox Dental Arts, a dental practice located at 335 Lenox Avenue, New York due to his mobility disability.

3.  Defendants deny Plaintiff access to their place of public accommodation as they maintain architectural barriers - for example, steps at the public entrance to 335 Lenox Avenue  - that deny him entry due to disability.

4.   Because Defendants maintain architectural barriers at their place of public accommodation, Plaintiff has been forced to stay outside of Defendants' dental practice, while his minor-aged children receive dental care.

5.   Defendants deny Plaintiff the opportunity to attend to his children and oversee their care – a service, privilege, advantage, and accommodation that Defendants provide to parents without disabilities.

6.   Defendants also prevent plaintiff from accessing dental care for himself due to the architectural barriers at their place of public accommodation.

7.   Defendants know that they deny access to plaintiff as plaintiff has been a customer of the practice for some time, and due to the general awareness that persons with mobility disabilities exist and cannot traverse barriers as steps.

8.   Yet Defendants refuse to provide Plaintiff and other persons with disabilities the quality of service they provide to non-disabled patrons.

9.   As for Defendant M Dental Care, P.C. in particular, it refuses to provide Plaintiff the quality of service it provides to non-disabled customers that bring their children for dental care.

10. Defendant M Dental Care, P.C. also continues its refusal provide Plaintiff and other persons with disabilities, which seek dental care the quality of care it provides to non-disabled patients.

11. Defendants' refusal to comply with their legal obligations and remove architectural barriers to access at their place of public accommodation facility relegates Plaintiff and other persons with disabilities (as well as such persons' children) to substandard service and inferior treatment.

2

12. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15, the New York Civil Rights Law, § 40 *et seq.* ("N.Y. CRL"), and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

13. As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation through which they violate the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws"), the laws that prohibit disability discrimination.

14. Defendants violate the Human Rights Laws through their actions, and those of their agents and employees.

15. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

16. Defendants violate the Human Rights Laws as they chose to ignore the explicit legal requirements that obligated them to make their place of public accommodation physically accessible and usable by persons with disabilities[1].

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities. *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

17. By ignoring their obligation to provide an accessible place of public accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals with disabilities') right to equal opportunity to their publicly available place, the Lenox Dental Arts premises.

18. Aware that their decision to maintain architectural barriers and violate the disability access requirements would be indiscernible most persons, Defendants presumed they would never need to comply with the Human Rights Laws. Defendants must now accept responsibility for their unlawful discriminatory acts and cease discriminating against Plaintiff and all other individuals with disabilities.

19. This action seeks to right Defendants' wrongs. Therefore, Plaintiff seeks to compel Defendants to make their place of public accommodation physically accessible to individuals with disabilities so that Plaintiff can enjoy the full and equal opportunity that Defendants provide to their customers without disabilities.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

21. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' discriminatory acts alleged herein occurred in this district and Defendants' place of public accommodation is located in this district.

4

## PARTIES

### *Plaintiff*

23. At all times relevant to this action, Plaintiff James Futrell has been and remains a resident of the State and City of New York.

24. Plaintiff suffers from medical conditions that inhibit his ability to walk and which restrict his body motion range and movement.

25. Due to his impairment, Plaintiff uses a wheelchair for mobility.

### *Defendants*

26. Defendant Collins  J. Ogbolu is an Individual that engages in business in New York.

27. As an Individual, Defendant Collins  J. Ogbolu is not a governmental entity.

28. Defendant Collins  J. Ogbolu owns the building located at 335 Lenox Avenue in New York County, New York (hereinafter referred to as "335 Lenox Avenue").

29. Defendant M Dental Care, P.C. is a New York Domestic Professional Corporation that engages in business in New York.

30. Defendant M Dental Care, P.C. is not a governmental entity.

31. At all relevant times, defendant M Dental Care, P.C. owned and operated Lenox Dental Arts located in 335 Lenox Avenue (hereinafter also referred to as the "Lenox Dental Arts" premises).

32. Defendant M Dental Care, P.C. leases the Lenox Dental Arts premises from defendant Collins  J. Ogbolu.

33. Upon information and belief, Collins  J. Ogbolu and M Dental Care, P.C. have a written lease agreement for the Lenox Dental Arts.

5

## <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

34. The Lenox Dental Arts premises is operated by private entities as neither of the Defendants are a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. § 12131(1) and § 12181(6).

35. The operations of the Lenox Dental Arts premises affect commerce. 28 C.F.R. § 36.104.

36. As a professional office of a health care provider, Lenox Dental Arts located at 335 Lenox Avenue is a place of public accommodation pursuant to the Human Rights Laws. *See* 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

37. Each of the Defendants is an entity required to comply with the Human Rights Laws (a "covered entity" or "public accommodation") as the Defendants own, lease, lease to, control or operate a place of public accommodation within the meaning of the Human Rights Laws. *See Id*.

38. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *See* 28 C.F.R. § 36.201(b); *see also* 42 U.S.C. 12182(a), N.Y. Exec. Law §2962(a), N.Y.C. Admin. Code § 8-107(4)(a).

39. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, defendant Collins  J. Ogbolu has continuously controlled,

6

managed, and operated the public sidewalk abutting 335 Lenox Avenue, inclusive of the portion of the sidewalk that constitutes the entrance to Defendants' place of public accommodation, the Lenox Dental Arts premises.

40. Numerous architectural elements at the Lenox Dental Arts premises prevent or restrict physical access to persons with disabilities ("architectural barriers"), including Plaintiff.

41. The architectural barriers at Lenox Dental Arts premises prevent and restrict physical access at the paths of travel and entry to the Tenant Premises.

42. Upon information and belief, the Lenox Dental Arts premises opened for business in 2016.

43. The Lenox Dental Arts premises is located on the ground floor of 335 Lenox Avenue.

44. The Lenox Dental Arts premises was designed and constructed as a professional office of a health care provider at which Defendants offer patrons a variety of dental services.

45. In various years after January 26, 1992, Defendants performed design and construction work to 335 Lenox Avenue and its attached and related areas.

46. The design and construction work Defendants performed, included work to 335 Lenox Avenue's structural, mechanical, HVAC, plumbing, flooring, and electrical systems.

47. In various years after January 26, 1992, Defendants performed design and construction work to the Lenox Dental Arts premises and its attached and related areas.

7

48. Upon information and belief, the design and construction work to the Lenox Dental Arts premises included the creation of partitions and demising of spaces, as well as work to the premises' flooring, structural, mechanical, HVAC, plumbing and electrical systems.

49. The design and construction work Defendants performed to the Lenox Dental Arts premises and 335 Lenox Avenue constitute "alterations" within the meaning of the ADA. *See* 28 C.F.R. 36.402(b)(1).

50. To create the Lenox Dental Arts premises, Defendants constructed its physical space pursuant to architectural drawings that specified the construction required to build the Lenox Dental Arts premises to Defendants' specifications.

51. Upon information and belief, the architectural drawings detailed the Lenox Dental Arts premises' floor plan, layout, fixtures, flooring, entrances, demised spaces for examination rooms, waiting areas, and bathrooms, among other architectural elements.

52. Upon information and belief, the architectural drawings also detailed the legal requirements that Defendants were obligated to comply with in their design and construction of the Lenox Dental Arts premises.

53. Upon information and belief, the legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at the Lenox Dental Arts premises.

8

54. Upon information and belief, the design and construction standards referenced in Defendants' architectural drawings included:

    i. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A[2]; (hereinafter referred to as the "1991 ADA Standards");

    ii. the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards"); and

    iii. the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (inclusive of the "1968 Ref Std", ANSI A117.1-1986 as modified by reference standard 4-6)[3],(the "1968 NYC Standards");

    iv. the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § XX-1101 *et seq*. (inclusive of the "2008 Ref Std", Appendix E and ICC A117.1-2003) (the "2008 NYC Standards"); and

    v. the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. (inclusive of the "2014 Ref Std", Appendix E and ICC A117.1-2009)[4] (the "2014 NYC Standards", and collectively with the 1968 NYC Standards and the 2008 NYC Standards, the "NYC Standards").

The ADA Standards and the NYC Standards are collectively referred to herein as the "Accessibility Standards".

55. Upon information and belief, Defendants' lease agreement for the Lenox Dental Arts premises provides that the premises must comply with the Human Rights Laws and the Accessibility Standards.

56. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of the Lenox Dental Arts premises are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § §

---

[2] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

[3] *See* N.Y.C. Admin Code § § 27-292.2 and RS 4-6.

[4] *See* N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.

12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law 296(2)(a); and N.Y.C. Admin. Code §8-107(4).

57. When Defendants performed design and construction work to 335 Lenox Avenue and the Lenox Dental Arts premises, they knowingly failed to do so in compliance with the Accessibility Standards.

58. Defendants continue their knowing refusal to comply with the Accessibility Standards, as Defendants are aware of their obligation to provide an accessible place of public accommodation.

59. Because Defendants failed to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to all of the areas of the Lenox Dental Arts premises that are open and available to the public.

60. Within the past three years of filing this action, Plaintiff has desired and attempted to access the Lenox Dental Arts premises.

61. Plaintiff desires to access the Lenox Dental Arts premises but remains deterred from doing so due to the architectural barriers extant at the premises.

62. Barriers to access (and the Accessibility Standards violated) which Plaintiff encountered and that deter him from patronizing the Lenox Dental Arts premises include, but are not limited to, the following:

I.   An accessible route is not provided from the public street and sidewalk to the building entrance.
     *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA Standards § 4.1.2(1); 2010 ADA Standards § 206.2.1; 1968 NYC Standards § 27-292.5(b); 2008 NYC Standards § 1104.1; and 2014 NYC Standards § 1104.1.*

II.   None of the public entrances are accessible.
      *Defendants fail to provide that at least 50% of all its public entrances are*
      *accessible.  See 1991 ADA Standards § 4.1.3(8)(a)(i).*
      *Defendants fail to provide that at least 60% of all its public entrances are*
      *accessible.  See 2010 ADA Standards § 206.4.1.*
      *Defendants fail to provide that the primary entrances are accessible. See 1968*
      *NYC Standards § 27-292.5(a).*
      *Defendants fail to provide that all of its public entrances are accessible. See 2008*
      *NYC Standards § 1105.1; and 2014 NYC Standards § 1105.1.*

III.  The minimum required maneuvering clearances to pull open the entrance door is
      not provided.
      *Defendants fail to provide that floor or ground surface within required*
      *maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%)*
      *and changes in level are not permitted. 60 inches perpendicular to the door for 18*
      *inches parallel to the door beyond the latch is required for a forward approach to*
      *the pull side of a door, or 54 inches perpendicular to the door for 24 inches*
      *parallel to the door beyond the latch is required for a latch approach to the pull*
      *side of a door. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards §*
      *404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std §*
      *404.2.3.*

IV.   There is a step at the entrance door.
      *Defendants fail to provide that changes in level at accessible routes greater than*
      *1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991*
      *ADA Standards § 4.3.8; and 1968 Ref Std § 4.3.8.*
      *Defendants fail to provide that changes in level at accessible routes greater than*
      *1/2-inch-high shall be ramped. See 2010 ADA Standards § 303.4; 2008 Ref Std §*
      *303.3; and 2014 Ref Std § 303.4.*

V.    The waiting room in the reception area is not accessible.
      *Defendants fail to provide that all areas of the buildings and facilities are*
      *accessible. See 1991 ADA Standards § 4.1.1(1); 2010 ADA Standards § 201.1;*
      *1968 NYC Standards § 27-292.1; 2008 NYC Standards § 1103.1; and 2014 NYC*
      *Standards § 1103.1.*

VI.   The service counter in the reception areas is not accessible.
      *Defendants fail to provide that, where provided, at least one of each type of sales*
      *counter and service counter shall be accessible.  See 1991 ADA Standards § 7.2;*
      *2010 ADA Standards § 227.3;1968 NYC Standards § 27-292.1; 2008 NYC*
      *Standards § 1109.12.3; and 2014 NYC Standards § 1109.11.3.*

VII.  The service counter in the reception areas does not to have an accessible portion
      of countertop that extend the same depth as the general countertop.

11

*Defendants fail to provide that the accessible portion of the sales countertop or service countertop shall extend the same depth as the general sales countertop or service countertop.  See 2010 ADA Standards § 904.4; 2008 Ref Std § 904.3; and 2014 Ref Std § 904.3.*

VIII.    The service counter in the reception areas is more than 36 inches high.
*Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 36 inches long minimum and 36 inches high maximum above the finish floor and shall be provided when a clear floor or ground space is positioned for a parallel approach adjacent to the accessible portion of the counter. See 1991 ADA Standards § 7.2; 2010 ADA Standards § 904.4.1; 1968 NYC Standards § 27-292.1; 2008 Ref Std § 904.3.1; and 2014 Ref Std § 904.3.1.*

IX.    The service counter in the reception areas is more than 36 inches high and lacks a knee and toe space under the counter for a clear floor or ground space positioned for a forward.
*Defendants fail to provide that an accessible portion of the (sales or service) counter surface is 30 inches long minimum and 36 inches high maximum above the finish floor and shall be provided when knee and toe space is provided under the counter for a clear floor or ground space positioned for a forward approach to the accessible portion of the counter. See 1991 ADA Standards § 7.2; 2010 ADA Standards § 904.4.2; 1968 NYC Standards § 27-292.1; 2008 Ref Std § 904.3.2; and 2014 Ref Std § 904.3.2.*

X.    The patient examination rooms are not accessible to wheelchair users.
*Defendants fail to provide accessible examination rooms.  See 1991 ADA Standards § 4.1.1(1); 2010 ADA Standards § 201.1; 1968 NYC Standards § 27-292.1; 2008 NYC Standards § 1103.1; and 2014 NYC Standards § 1103.1.*

XI.    Maneuvering clearances to the examination rooms are not provided.
*The doorway at the exam rooms lacks sufficient maneuvering clearances for an approach.  See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std §404.2.3; and 2014 Ref Std § 404.2.3.*

XII.    There is no accessible turning space in the examination rooms.
*Defendants fail to provide the minimum required turning space of 60 inches in diameter within the examination rooms.  See 1991 ADA Standards § 4.2.3; 2010 ADA Standards § 304.3; 1968 Ref Std § 4.2.3; 2008 Ref Std § 304.3, and 2014 Ref Std § 304.3.*

XIII.    The entrance, which is also an exit, is not accessible.
*Defendants fail to provide the Lenox Dental Arts premises shall have accessible means of egress provided in the same number as required for exits by local building/life safety regulations. See 1991 ADA Standards § 4.1.3(9).*

*Defendants fail to provide that the Lenox Dental Arts premises shall have no less than one accessible means of egress, (or if more than one general means of egress is required from the Lenox Dental Arts premises, that each accessible portion of the space shall be served by not less than two accessible means of egress. See 2010 ADA Standards § 207.1 (2000 IBC 1003.2.13); 2008 NYC Standards § 1007.1; and 2014 NYC Standards § 1007.1.*
*Defendants fail to provide that there is at least one primary entrance (exit) accessible to and usable by individuals who use wheelchairs, and such entrance shall provide access to a level that makes elevators available in buildings where elevators are provided. See 1968 NYC Standards § 27-357(d).*

63. Upon information and belief, a full inspection of the Lenox Dental Arts premises will reveal the existence of other barriers to access.

64. To avoid piecemeal litigation, and to effectuate the remedial purposes of the Human Rights Laws by having Defendants properly remedy their discriminatory violations, Plaintiff requires a full inspection of the Lenox Dental Arts premises to catalogue the spaces and elements of the Lenox Dental Arts premises that do not comply with the Accessibility Standards or the Human Rights Laws.

65. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of the Lenox Dental Arts premises.

66. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

67. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.

68. Defendants have also not made or provided accommodations or modifications to persons with disabilities.

69. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the fact that the architectural barriers to access within the Lenox Dental Arts premises continue to exist and deter and deny Plaintiff access.

70. Plaintiff is located near Lenox Dental Arts and is frequently in the area where the Lenox Dental Arts premises is located.

71. Plaintiff intends to patronize the Lenox Dental Arts premises no less than annually for himself to receive dental care, and to have his children receive dental care as well, after the premises becomes fully accessible and compliant with the Accessibility Standards applicable to the  Lenox Dental Arts premises.

<u>**ALLEGATIONS RELATED TO TESTER STATUS**</u>

72. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Lenox Dental Arts premises is fully accessible and compliant with the Accessibility Standards.

73. Plaintiff intends to patronize the Lenox Dental Arts premises at least annually as a "tester" to monitor, ensure, and determine whether the Lenox Dental Arts premises is fully accessible and compliant with the Accessibility Standards.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

74. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

75. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.

76. As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility, and has restricted use of arms and hands.

77. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. 36.201(b).

78. The ADA imposes joint and several liability on the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of a place of public accommodation.  28 C.F.R. 36.201(b).

79. Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of the Lenox Dental Arts premises, a place of public accommodation is liable to Plaintiff.

80. None of these Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity.  28 C.F.R. 36.201(b).

81. Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

82. Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

83. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome nor desired as patrons of their public accommodation.

84. Defendants designed and constructed a place of public accommodation that does not comply with the 1991 Standards or the 2010 Standards, and which is therefore not readily accessible to and usable by the disabled Plaintiff.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

85. Defendants discriminate against Plaintiff in violation of the ADA as they designed and constructed a place of public accommodation that is not accessible to Plaintiff because of disability. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

86. Defendants fail to provide an integrated and equal setting for the disabled at the Lenox Dental Arts premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

87. In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make the Lenox Dental Arts premises compliant with the ADA Standards (accessible) to the maximum extent feasible when they performed design and construction work that constituted alterations to the Lenox Dental Arts premises.

88. Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas in violation of 28 C.F.R. § 36.403.

89. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.

90. It has been and remains readily achievable for Defendants to make their place of public accommodation fully accessible.

91. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

92. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent the removal of any of the barriers to access was not readily achievable. 28 C.F.R. § 36.305.

93. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

94. Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation that is not compliant with the ADA Standards, and therefore not accessible.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

95. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

17

96. Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

97. As a result of his impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

98. The State HRL guarantees the right of all individuals, regardless of the individual's disability, to "equality of opportunity" with respect to places of public accommodations. (N.Y. Exec. Law § 291(2) and § 290(3)).

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

99. To protect the guaranteed right of persons with disabilities to equal opportunity, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees, and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. (N.Y. Exec. Law § 296(2)(a)).

100. Defendants engage in an unlawful discriminatory practice in violation of the State HRL (N.Y. Exec. Law 296(2)(a) as they directly or indirectly deny Plaintiff "equal opportunity" to enjoy the offerings of their place of public accommodation.

101. Defendants engage in an unlawful discriminatory practice prohibited by the State HRL (N.Y. Exec. Law § 296(2)(a)) as they created and maintain a place of public accommodation, the Lenox Dental Arts premises that is not accessible to Plaintiff due to disability

18

102.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

103.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of State HRL. (N.Y. Exec. Law § 296(2)(c)(iii)).

104.    It is readily achievable for Defendants to remove the barriers to access.

105.    Defendants cannot "demonstrate that the removal of the barriers to access is not readily achievable". N.Y. Exec. Law § 296(2)(c)(iii)).

106.    Alternatively, should Defendants demonstrate that the removal of any barriers to access is not readily achievable, Defendants discriminate in violation of the State HRL as they deny Plaintiff equal opportunity to enjoy the privileges, advantages, and accommodations they offer at their place of public accommodation through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

107.    It would be readily achievable to make Defendants' place of public accommodation accessible through alternative methods.

108.    Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to their facility and the privileges, advantages, or accommodations they offer in violation of the State HRL, N.Y. Exec. Law § 296(2)(c)(i).

109.    Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of their facility of the privileges, advantages, or accommodations they offer.

**Section 296(6) Violations: Aid and Abet Discrimination.**

110.    Under the State HRL it is "an unlawful discriminatory practice for any

person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under

this article, or to attempt to do so". (N.Y. Exec. Law § 296(6))

111.    Each of the Defendants have aided, abetted, incited, compelled, or coerced

others to engage in unlawful discriminatory practices.

**Section 300: The State HRL's Liberal Construction Requirement.**

112.    In 2019, the New York State legislature amended the Executive Law to

provide increased protections for classes protected by the State HRL. (N.Y. Exec. Law §

300, as amended by Chapter 160 of the Laws of 2019, § 6).

113.    The 2019 amendment added language at the start of the State HRL's

Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof,
> regardless of whether federal civil rights laws, including those laws with
> provisions worded comparably to the provisions of this article, have been so
> construed".
> *Id*.

114.    With the 2019 amendment, the State HRL is no longer coextensive with

federal anti-discrimination law[5].

---

[5] As amended, the State HRL's Construction section (Executive Law § 300) mirrors the
language of the City HRL's Construction provision (Administrative Code § 8-130(a) and
(b)). The result of the 2019 amendment to the State HRL's Construction section tracks
that of the 2005 amendment to the City HRL's Construction provision. (Local Law 85
(2005) of City of New York, known as the New York City Local Civil Rights Restoration
Act of 2005 (the "Restoration Act")). The Restoration Act abolished parallel construction
between the City HRL and both state and federal anti-discrimination laws.

115.    Defendants' conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination law.

116.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id*.

117.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

118.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

119.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

120.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

121.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

122.    Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL (N.Y.C. Admin. Code § 8-102).

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

123.     The City HRL guarantees the right of all individuals, regardless of the

individual's disability, to "equal opportunity" with respect to places of public

accommodations – in the words of the statute, the opportunity to have "full and equal

enjoyment, on equal terms and conditions" to the accommodations, advantages, services,

facilities, and privileges of a place of public accommodation. (N.Y.C. Admin. Code § 8-

107(4)).

124.     Defendants engage in an unlawful discriminatory practice prohibited by

the City HRL (N.Y.C. Admin. Code § 8-107(4)(a)(1)(a) as they as they created and

maintain a place of public accommodation, the Lenox Dental Arts premises that is not

accessible to Plaintiff due to disability.

125.     Because Defendants created and maintain a place of public

accommodation that is not accessible to Plaintiff due to disability, Defendants directly

and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the

"accommodations, advantages, services, facilities or privileges" of Lenox Dental Arts

premises due to his disability.

126.     Defendants' policies and procedures inclusive of their policies of refusing

to expend funds to design, create and/or maintain an accessible place of public

accommodation is a discriminatory practice in violation of City HRL (N.Y.C. Admin.

Code § 8-107 (4)).

127.     Defendants' failure to construct and maintain an accessible entrance from

the public sidewalk to Defendants' place of public accommodation constitutes disability

22

discrimination in a violation of the City HRL. (N.Y.C. Admin. Code § 8-107(4)(a)(1)(a);
see also N.Y.C. Admin. Code § 19-152 and § 7-210).

128.    Defendants' failure to provide an accessible place of public
accommodation and consequent denial of equal opportunity to Plaintiff constitutes an
ongoing continuous pattern and practice of disability discrimination. in violation of the
City HRL. (N.Y.C. Admin. Code § 8-107(4)(a)(1)(a))

129.    Defendants discriminate against Plaintiff as they subject him to disparate
impact in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) as they directly
and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages,
facilities, and privileges of their place of public accommodation because of his disability.

130.    Defendants also violate the City HRL (N.Y.C. Admin. Code 8-107 (17)),
which states that "an unlawful discriminatory practice . . . is established . . . [when a
plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies
or practices of a covered entity results in a disparate impact to the detriment of any group
protected by the provisions of this chapter."

131.    Because Defendants' public accommodation is not accessible to people
with disabilities, Defendants have demonstrated a policy or practice that has a
disproportionately negative impact on the disabled (including Plaintiff).

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

132.    Defendants also discriminate against Plaintiff in violation of the City HRL
as they have not made reasonable accommodations for the needs of persons with
disabilities (including by failing to remove the architectural barriers to access detailed in
Paragraph 62 herein) so that individuals with disabilities, including Plaintiff, have equal

23

opportunity to enjoy what Defendants offer at the Lenox Dental Arts premises,

Defendants' place of public Accommodation. (N.Y.C. Admin. Code § 8-107(15)(a)).

133.    Defendants have known, or should have known, that members of the

public, which includes current and prospective patrons such as Plaintiff, have mobility

disabilities.

134.    Defendants have known, or should have known, reasonable

accommodations, disabilities (including by failing to remove the architectural barriers to

access detailed in Paragraph 62 herein) are required so that persons with mobility

disabilities can have the equal opportunity to enjoy what Defendants offer at the Lenox

Dental Arts premises.

135.    It would not cause undue hardship in the conduct of the Defendants'

business to remove the architectural barriers to access detailed in Paragraph 62 herein as

a reasonable accommodation for persons with disabilities.

136.    Defendant cannot demonstrate that it would cause undue hardship to the

conduct of their respective businesses to remove the architectural barriers to access

detailed in Paragraph 62 herein) as a reasonable accommodation for persons with

disabilities.

137.    Defendants' failure to provide reasonable accommodations for persons

with disability, inclusive of Defendants' failure to remove the barriers to access identified

in Paragraph 62, and consequent denial of equal opportunity to Plaintiff constitutes an

ongoing continuous pattern and practice of disability discrimination. in violation of the

City HRL. (N.Y.C. Admin. Code § 8-107(4)(a)(1)(a)

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

138.     To further the City HRL's "uniquely broad remedial purposes" (Local

Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally

protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New

York § 1), the NYC Council amended the City HRL's Construction provision (N.Y.C.

Admin. Code § 8-130) in 2005 and 2016. (Local Law 85, and Local Law 35).

139.     The 2005 and 2016 amendments confirm that the City HRL is not

coextensive with federal or state civil rights laws "regardless of whether federal or New

York State civil and human rights laws, including those laws with provisions comparably

worded to provisions of this title, [the City HRL,] have been so construed". (N.Y.C.

Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2).

140.     The 2005 and 2016 amendments instead provide that the City HRL's

protections are cumulative to the protections provided by federal or state civil rights laws,

as the City HRL must "be interpreted liberally and independently of similar federal and

state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as

one of the most expansive and comprehensive human rights laws in the nation". (Rep of

Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law

Bill Jacket, Local Law No. 35 (2016) of City of NY). (Adding to the explicit language in

the 2005 Amendment that the obligations imposed on entities subject to the law by

"similarly worded provisions of federal and state civil rights laws [are] as a floor below

which the City's Human Rights law cannot fall." Local Law 85 § 1.)

141.     The 2016 Amendments to the City Human Rights Law additionally direct

that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)]

shall be construed narrowly in order to maximize deterrence of discriminatory conduct".
(N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2).

142.    Due to the above-referenced amendments, the New York City Human
Rights Law provides significantly greater protections to its protected classes "in all
circumstances" than what the ADA and State HRL provide to persons in the same
protected classes.

143.    Defendants' conduct is therefore subject to a markedly stricter standard
under the City HRL than under Federal and state anti-discrimination law

144.    Defendants' liability under the City HRL for their conduct alleged herein
must be determined separately and independently from their liability under the ADA or
State HRL, to the extent that Defendants escape liability under the ADA or State HRL.
(N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35).

145.    Conversely to the extent that Defendants' conduct alleged herein violates
the ADA or State HRL, Defendants automatically violate the City HRL.

146.    The City HRL's stricter standards also apply in situations where the ADA
and the State HRL have provisions that are comparably worded to the City HRL's
provisions. (N.Y.C. Admin. Code § 8-130).

147.    Defendants must therefore provide an accessible place of public
accommodation, regardless of their obligation to provide accessibility under similarly
worded provisions of the ADA or the State HRL.

148.    Defendants continue to discriminate based on disability in violation of the
City HRL (N.Y.C. Admin. Code § 8-107(4)) through their violations of the ADA, the
ADA Standards, and the State HRL alleged herein.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

149.    In violation of the City HRL (N.Y.C. Admin. Code § 8-107(6)),

Defendants have and continue to, aid and abet, incite, compel, or coerce each other in

each of the other Defendants' attempts to, and in their acts of directly and indirectly

refusing, withholding, and denying the accommodations, advantages, facilities, and

privileges of their place of public accommodation, all because of disability.

150.    Each of the Defendants have aided and abetted others in committing

disability discrimination.

151.    Defendants' conduct constitutes an ongoing and continuous violation of

the City HRL.

152.    Unless Defendants are enjoined from further violations, Plaintiff will

continue to suffer injuries for which there is no adequate remedy at law. In particular,

Plaintiff will suffer irreparable harm by being denied the accommodations, advantages,

facilities, or privileges of the Defendants' place of public accommodation.

153.    As a direct and proximate result of Defendants' unlawful discrimination in

violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional

distress, including but not limited to humiliation, stress, and embarrassment.

154.    Upon information and belief, Defendants' long-standing refusal to make

their place of public accommodation fully accessible was deliberate, calculated,

egregious, and undertaken with reckless disregard to Plaintiff's rights under the City

HRL.

155.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

156.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL (N.Y.C. Admin. Code § 8-502).

157.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

158.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

159.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

160.    Defendants discriminated against Plaintiff in violation of the State HRL, N.Y. Exec. Law § 290 *et seq.*

161.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

162.    Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

## INJUNCTIVE RELIEF

163.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

164.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

165.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

29

B.   Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 24, 2022
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com